IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLISON ZIMRI<br><br>　　　　　Plaintiff,<br>vs.<br><br>CLIENT SERVICES, INC.<br><br>　　　　　Defendant. | Civil Action No.<br><br>2:13-cv-03595-PBT |

**ANSWER TO PLAINTIFF, ALLISON ZIMRI'S COMPLAINT BY DEFENDANT, CLIENT SERVICES, INC.**

AND NOW comes Defendant, Client Services, Inc. ("CSI"), by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, PC, who respectfully submits this Answer with Affirmative Defenses to Plaintiff, Allison Zimri's ("Plaintiff") Complaint, averring as follows:

**ANSWER TO INTRODUCTORY STATEMENT**

1.　　Admitted in part and denied in part. CSI admits, on information and belief, that Plaintiff brings this action based on perceived violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA"), and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL"). CSI denies any characterization of the FDCPA, PFCEUA, and UTPCPL that are inconsistent with the statutes and CSI denies any violations thereof.

## ANSWER TO JURISDICTION

2. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

3. Admitted in part and denied in part. CSI admits that its records reflect that Plaintiff resides in this District. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

## ANSWER TO VENUE

4. Admitted in part and denied in part. CSI admits that Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19154. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

5. Admitted in part and denied in part. CSI admits that it, at times, engages in the collection of debt owed to another. CSI further admits that it maintains an office at the address set out in this paragraph. CSI denies that it conducts business in the Commonwealth of Pennsylvania, except and exclusively through means of interstate commerce. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court

6. Admitted in part and denied in part. CSI admits that it, at times, engages in collection of debts through the use of the telephone and mail, and therefore, at times, is a "debt collector" as the term is defined by the FDCPA.

The remaining allegations in this paragraph constitute conclusions of law and are denied as such.  CSI refers all questions of law to the Court

## ANSWER TO FACTUAL ALLEGATIONS

7. Admitted in part and denied in part.  CSI admits that its records reflect that Plaintiff incurred a debt with Citibank.  CSI lacks sufficient knowledge, information or belief as to how the debt was incurred and, therefore, CSI denies Plaintiff's conclusion that the debt is a consumer debt.  CSI denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

8. Denied.  CSI denies these allegations and leaves Plaintiff to her proofs.

9. Denied.  CSI denies these allegations and leaves Plaintiff to her proofs.

10. Denied.  CSI denies these allegations and leaves Plaintiff to her proofs.

11. Denied.  CSI denies these allegations and leaves Plaintiff to her proofs.

12. Denied. CSI lacks sufficient knowledge, information or belief as to how the debt was incurred and, therefore, CSI denies Plaintiff's conclusion that the debt is a consumer debt.  CSI denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

13. Admitted in part and denied in part.  CSI admits that it placed telephone calls to Plaintiff's home telephone number in an attempt to recover

amounts due by Plaintiff in connection with her Citibank debt. CSI, however, denies that it placed calls on a daily basis. CSI denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

14. Denied. CSI lacks sufficient knowledge, information or belief as to how the debt was incurred and, therefore, CSI denies Plaintiff's conclusion that the debt is a consumer debt. CSI denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

15. Denied. CSI denies that it placed an excessive amount of telephone calls to Plaintiff. CSI's records reflect that it placed a limited number of telephone calls to Plaintiff on select dates from May 8, 2013 to May 30, 2013. CSI denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

16. Denied. CSI denies that it left multiple daily messages for Plaintiff. CSI's records reflect that only several messages were left on Plaintiff's answering machine between May 8, 2013 and May 30, 2013. CSI denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

17. Denied. CSI denies these conclusory allegations and demands a factual basis from Plaintiff.

18. Denied. CSI denies these allegations and leaves Plaintiff to her burden of proof.

19. Denied. CSI denies these conclusory allegations and demands a factual basis from Plaintiff.

20. Denied. CSI denies these conclusory allegations and demands a factual basis from Plaintiff.

21. Denied. CSI denies these allegations and leaves Plaintiff to her proofs.

22. Admitted in part and denied in part. CSI admits that its records reflect that a call was placed to Plaintiff on May 30, 2013. CSI denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

23. Denied. CSI denies these conclusory allegations and demands a factual basis from Plaintiff.

24. Denied. CSI denies these allegations and leaves Plaintiff to her burden of proof.

25. Denied. CSI denies these allegations and leaves Plaintiff to her burden of proof.

26. Denied. CSI denies these conclusory allegations and demands a factual basis from Plaintiff.

27. Denied. CSI denies these conclusory allegations and demands a factual basis from Plaintiff.

28. Denied. CSI denies these conclusory allegations and demands a factual basis from Plaintiff. By way of further response, CSI's records reflect that on May 29, 2013, CSI had a telephone conversation with Plaintiff where a proposed payment plan was discussed. At the end of the conversation, Plaintiff stated she would call CSI the next day to set up the plan. On May 30, 2013, Plaintiff called CSI and provided the information necessary for the payment

plan. She agreed to have $32.00 per month automatically deducted from her account beginning on June 5, 2103.

29. Denied. CSI denies that the payment plan was scheduled to start on June 13, 2013. Rather, CSI's records reflect that the first payment was scheduled for June 5, 2013.

30. Denied. CSI denies these allegations and leaves Plaintiff to her burden of proof.

31. Denied. CSI denies these conclusory allegations and demands a factual basis from Plaintiff.

32. Denied. CSI denies these conclusory allegations and demands a factual basis from Plaintiff.

33. Admitted in part and denied in part. CSI admits that its records reflect on May 29, 2013, CSI had a telephone conversation with Plaintiff where a proposed payment plan was discussed. At the end of the conversation, Plaintiff stated she would call CSI the next day to set up the plan. On May 30, 2013, Plaintiff called CSI and provided the information necessary for the payment plan. She agreed to have $32.00 per month automatically deducted from her account beginning on June 5, 2103. CSI denies the remaining conclusory allegations and demands a factual basis from Plaintiff.

34. Admitted.

35. Admitted.

36. Denied. SCI denies these allegations and leaves Plaintiff to her proofs.

37. Denied. CSI denies these conclusory allegations and demands a factual basis from Plaintiff.

38. Denied. CSI denies these conclusory allegations and demands a factual basis from Plaintiff.

39. Denied. CSI denies these conclusory allegations and demands a factual basis from Plaintiff.

40. Admitted in part and denied in part. CSI admits that when its employees are acting within the scope of their employment, they are under the supervision and control of CSI. Unless otherwise admitted, CSI denies the allegations in this paragraph.

41. Denied. CSI denies these conclusory allegations and demands a factual basis for these conclusions from Plaintiff.

42. Denied. CSI denies these allegations and leaves Plaintiff to her proofs.

## ANSWER TO COUNT I – FDCPA

43. CSI incorporates by reference its answers to paragraphs 1-42 of the Complaint of Plaintiff.

44. Admitted in part and denied in part. It is admitted CSI contacted Plaintiff in an attempt to collect a debt. CSI lacks sufficient knowledge, information or belief as to how the debt was incurred and, therefore, CSI denies Plaintiff's conclusion that the debt is a consumer debt. Unless otherwise admitted, CSI denies the remaining allegations in this paragraph.

45. Denied. CSI denies that it violated §§ 1692d, 1692d(5), 1692e, 1692e(10), or 1692f during its attempts to collect the debt obligation owed by Plaintiff which is at issue in this matter. Responding further:

§ 1692d: Admitted in part and denied in part. CSI admits that Plaintiff has attempted to restate § 1692d of the FDCPA, but CSI denies any characterization of § 1692d that is inconsistent with the statute, and CSI denies any violation thereof.

§ 1692d(5): Admitted in part and denied in part. CSI admits that Plaintiff has attempted to restate § 1692d(5) of the FDCPA, but CSI denies any characterization of § 1692d(5) that is inconsistent with the statute, and CSI denies any violation thereof.

§ 1692e: Admitted in part and denied in part. CSI admits that Plaintiff has attempted to restate § 1692e of the FDCPA, but CSI denies any characterization of § 1692e that is inconsistent with the statute, and CSI denies any violation thereof.

§ 1692e(10): Admitted in part and denied in part. CSI admits that Plaintiff has attempted to restate § 1692e(10) of the FDCPA, but CSI denies any characterization of § 1692e(10) that is inconsistent with the statute, and CSI denies any violation thereof.

§ 1692f: Admitted in part and denied in part. CSI admits that Plaintiff has attempted to restate § 1692f of the FDCPA, but CSI

denies any characterization of § 1692f that is inconsistent with the statute, and CSI denies any violation thereof.

**ANSWER TO COUNT II**
**VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA, 73   Pa. C.S. § 2270.1 et seq.)**

46.     CSI incorporates by reference its answers to paragraphs 1-45 of the Complaint of Plaintiff.

47.     Admitted in part and denied in part.  CSI admits that it, at times, engages in collection of debts through the use of the telephone and mail, and therefore, at times, is a "debt collector" as the term is defined by the 73 Pa. C.S. §2270.3.  By way of further response, the allegations in this paragraph constitute conclusions of law and are denied as such.  CSI refers all questions of law to the Court.

48.     Denied.  CSI lacks sufficient knowledge, information or belief as to how the debt was incurred and, therefore, CSI denies Plaintiff's conclusion that the debt falls within the definition set forth in 73 Pa. C.S. § 2270.3. The remaining allegations in this paragraph constitute conclusions of law and are denied as such.  CSI refers all questions of law to the Court.

49.     Admitted in part and denied in part. CSI admits that Plaintiff has attempted to characterize the FCEUA, but CSI denies any characterization of the FCEUA that is inconsistent with the statute, and CSI denies any violation thereof.

50.     Denied.  CSI denies these conclusory allegations and demands a factual basis for these conclusions from Plaintiff.

51. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

52. Denied. CSI denies these conclusory allegations and demands a factual basis for these conclusions from Plaintiff.

53. Denied. CSI denies these conclusory allegations and demands a factual basis for these conclusions from Plaintiff.

### ANSWER TO COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.)

54. CSI incorporates by reference its answers to paragraphs 1-53 of the Complaint of Plaintiff.

55. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

56. Admitted in part and denied in part. CSI admits that Plaintiff has attempted to characterize the UTPCPL but CSI denies any characterization of the UTPCPL that is inconsistent with the statute, and CSI denies any violation thereof. Further, CSI denies that Plaintiff can assert an independent claim under the UTPCPL against a debt collector and directs Plaintiff to 73 P.S. §2270.2.

57. Denied. CSI denies these conclusory allegations and demands a factual basis for these conclusion from Plaintiff. Further, CSI denies that Plaintiff can assert an independent claim under the UTPCPL against a debt collector and directs Plaintiff to 73 P.S. §2270.2 (providing that the only means

with which to assert a UTPCPL claim against a debt collector is through the FCEUA). CSI specifically denies subparagraphs (a) through (c) as follows:

    a.    Admitted in part and denied in part. CSI admits that Plaintiff has attempted to restate 73 Pa. C.S. § 201-3.1, but CSI denies any characterization of § 201-3.1 that is inconsistent with the statute. CSI denies any violation thereof and denies that Plaintiff has standing to asset a UTPCPL claim against CSI other than through the FCEUA.

    b.    Admitted in part and denied in part. CSI admits that Plaintiff has attempted to restate 73 Pa. C.S. § 201-2(xxi), but CSI denies any characterization of § 201-2(xxi) that is inconsistent with the statute, and CSI denies any violation thereof. CSI denies any violation thereof and denies that Plaintiff has standing to asset a UTPCPL claim against CSI other than through the FCEUA.

    c.    Denied. CSI denies any violation of the FDCPA, or, by extension, the FCEUA, with its exclusive and non-cumulative remedy under the UTPCPL. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. CSI refers all questions of law to the Court.

58. Denied. CSI denies violating the FDCPA, FCEUA, UTPCPL, or any other law. CSI denies the remaining conclusory allegations and demands a factual basis for these conclusions from Plaintiff.

59.	Denied.  CSI denies any violation of the FDCPA, or, by extension, the FCEUA, with its exclusive and non-cumulative remedy under the UTPCPL, or any other law.  The remaining allegations constitute conclusions of law and are denied as such.  CSI refers all questions of law to the Court.

## ANSWER TO THE DEMAND FOR A JURY TRIAL

Admitted in part and denied in part.  CSI admits that Plaintiff seeks a trial by jury.  It denies that Plaintiff is entitled to a trial by jury as to CSI in the absence of any viable claims.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to advance viable claims premised on violations of the FDCPA, the FCEUA, or the UTPCPL against CSI.

## SECOND AFFIRMATIVE DEFENSE

Because CSI did not engage in any conduct the natural consequence of which was to harass, oppress, or abuse any person, did not cause the phone to ring or engage any person in telephone conversations repeatedly, engage in conduct that could reasonably be construed as false, deceptive or misleading, and did not use unfair or unconscionable means to collect or attempt to collect a debt, Plaintiff has failed to plead viable claims under 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(1), and 1692f of the FDCPA.  Therefore, Count I of Plaintiff's Complaint should be dismissed or withdrawn.

### THIRD AFFIRMATIVE DEFENSE

Because CSI did not engage in any false, misleading, or deceptive representations when collecting the debt, Plaintiff has failed to plead viable claims under 73 Pa. C.S. § 2270.1 et seq. Therefore, Count II of Plaintiff's Complaint should be dismissed or withdrawn.

### FOURTH AFFIRMATIVE DEFENSE

Because CSI did not misrepresent the character, extent or amount of the debt or its status on a legal proceeding, engage in deceptive or fraudulent conduct that created a likelihood of confusion or misunderstanding, or fail to comply with the FDCPA and FCEUA, even if Plaintiff had standing to press a claim under 73 Pa. C.S. § 201-3.1 and 201-2(xxi) (which is unequivocally refuted by the express language of the FCEUA (73 Pa. C.S. § 2270.2)). Therefore, Count III of Plaintiff's Complaint should be dismissed or withdrawn.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to articulate a viable claim under 15 U.S.C. §1692f, as a matter of well-settled law. Shand-Pistilli v. Prof'l Account Servs., 2010 U.S. Dist. LEXIS 75056, 16-17 (E.D. Pa. July 26, 2010)(*quoting* Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)); James Gula v. Midland Credit Management, Inc., Civil Action No. 3:10-cv-02241-TMB (M.D. PA February 1, 2012) (same); Hoover v. Midland Credit Management, Inc., 2012 U.S. Dist. LEXIS 46992, Civil Action No. 10-cv-06856 (E.D. Pa. March 30, 2012)(same); and Lorandeau v. Capital Collection Service, 2011 U.S. Dist. LEXIS 101994, Civil Action No. 10-3807 (E.D. PA September 8, 2011) )(same).

Therefore, Plaintiff's wholly redundant claims in Count I of Plaintiff's Complaint should be dismissed or withdrawn.

### SIXTH AFFIRMATIVE DEFENSE

CSI acted in good faith with respect to Plaintiff and fully complied with the FDCPA, and, by extension, the FCEUA.  Plaintiff has not provided material facts showing that CSI acted with malice, intentional, willful or reckless conduct or with grossly negligent disregard for federal and state laws and the rights of Plaintiff.   Therefore, Plaintiff is not entitled to punitive damages in the form of trebled damages under the UTPCPL, the exclusive remedy for violations of the FCEUA.

### SEVENTH AFFIRMATIVE DEFENSE

If CSI violated the FDCPA, and, by extension the FCEUA, which is denied, Plaintiff has incurred no actual damages as a result of the purported violation.  Payments toward a valid and delinquent debt obligation can not constitute actual damages or an ascertainable loss sufficient to recover under the UTPCPL.

### EIGHTH AFFIRMATIVE DEFENSE

Even if CSI violated the FDCPA, which is denied, Plaintiff has not incurred any actual damages as a result of the alleged conduct of CSI.

### NINTH AFFIRMATIVE DEFENSE

The UTPCPL does not permit the awarding of damages under the guise of emotional distress. See McCauslin v. Reliance Finance Co., 2000 PA Super. 134, 751 A.2d 683, 686 (Pa. Super. Ct. 2000) and see Wenrich v. Robert E.

Cole, P.C., 2000 U.S. Dist. LEXIS 18687 (ED. Pa. 2000). To the extent that Plaintiff seeks to claim emotional distress in lieu of compensable loss under the UTPCPL for purported conduct constituting a violation of the FCEUA, such claims must be dismissed or withdrawn.

## TENTH AFFIRMATIVE DEFENSE

Because Plaintiff has not incurred any ascertainable loss of money or property, real or personal, as a result of detrimental reliance on the alleged deceptive conduct of CSI, Plaintiff is not entitled to seek a remedy under the UTPCPL for alleged violations of the FCEUA. See Williams v. Empire Funding Corp., 2005 U.S. Dist. LEXIS 6075, *12-*16, Civil Action No. 97-4518 (E.D. Pa., April 11, 2005); and see Tenuto v. Transworld Sys., Inc., 2002 U.S. Dist. LEXIS 1764, *1, Civil Action No. 99-4228 (E.D. Pa, Jan. 31, 2002) (citing Weinberg v. Sun Co., Inc., 565 Pa. 612 (Pa. 2001)). See also Kondratick v. Ben. Consumer Discount Co., 2005 U.S. Dist. LEXIS 20915 (ED. Pa. 2005), class cert. den. 2006 U.S. Dist. LEXIS 4754 (E.D. Pa. Feb. 8, 2006), *def. judg.* 2006 U.S. Dist. LEXIS 66072 (E.D. Pa. Sept. 14, 2006) (plaintiff must show they incurred an ascertainable loss as a result of the plaintiff's detrimental reliance on the deceptive conduct of the defendant).

## ELEVENTH AFFIRMATIVE DEFENSE

The only means with which to advance a UTPCPL claim against a creditor in the context of debt collection is by application of the FCEUA. See 73 P.S. §2270.2 - Scope of Act - ("This act establishes what shall be considered unfair methods of competition and unfair or deceptive acts or practices with

15

regard to the collection of debts"). There is *no independent basis* to assert a UTPCPL claim against a debt collector.  To the extent that Plaintiff seeks to recover under the UTPCPL, independent of the FCEUA, such claims lack merit and should be withdrawn.   Count III, being wholly redundant with Count II of the Complaint, should be dismissed or withdrawn.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that any violation of the FDCPA or the FCEUA is established, Plaintiff is not entitled to cumulative statutory remedy or recovery in accordance with 73 P.S. §2270.5(c).  Plaintiff may recover under either the UTPCPL for an FCEUA violation or under the FDCPA, but not both.  *See* 73 P.S. §2270.5(c)("REMEDIES.-- Remedies available for violation of this act and the Fair Debt Collection Practices Act …. shall not be cumulative, and debt collectors who violate this act and the Fair Debt Collection Practices Act shall not incur cumulative penalties").

### THIRTEENTH AFFIRMATIVE DEFENSE

The UTPCPL does not permit the awarding of punitive damages.  See Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 401 (3d Cir. 2004) ("Under the CPL no punitive damages exist other than the discretionary authority to treble actual damages."); Shorb v. State Farm Mut. Auto. Ins. Co., 2005 U.S. Dist. LEXIS 35648, 14-16 (M.D. Pa. 2005);  Krisa v. Equitable Life Assur. Soc'y, 109 F. Supp. 2d 316, 324 (M.D. Pa. 2000).  Plaintiff's claims of intentional, willful, reckless, wanton conduct or acting with negligent disregard

for Plaintiff's rights under the law not only lack any basis in fact, but are irrelevant and should be stricken or withdrawn.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any violation of the law or damage claimed by Plaintiff, which CSI denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability as to CSI.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any violation of the law or damage claimed by Plaintiff, which CSI denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any damages as to CSI.

### SIXTEENTH AFFIRMATIVE DEFENSE

Declaratory relief is not available to a private litigant through the FCEUA. Therefore, Plaintiff's prayers for declaratory or injunctive relief in Counts II and the redundant Count III, should be stricken or withdrawn.

### SEVENTEENTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an individual claim under the FDCPA, her entitlement to statutory damages is capped at $1,000 per action, not per violation. See Goodmann v. Peoples Bank, et al., 2006 US App. LEXIS 31555 (3rd Cir. 2006)(The statutory cap for FDCPA claims is $1,000 per action, not per claim); Brown v. Law Offices of Butterfield, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); Mann v. Acclaim Fin Servs, 348 F. Supp. 2d 923 (S.D. Ohio 2004); Ganske v. Checkrite Limited, 1997 U.S. Dist. LEXIS 4345 (D.

Wis. 1997); Wright v. Finance Service of Norwalk, Inc., 22 F. 3d 647 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561 (11th cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61 (E.D.N.Y. 1994); Beattie v. D.M. Collections, Inc., 764 F. Supp. 925 (D. Del. 1991); and Harvey v. United Adjusters, 509 F. Supp 1218 (D. Or. 1981).  To the extent that Plaintiff is seeking more than $1,000 in statutory recovery under the FDCPA, such demand should be dismissed or withdrawn.

**WHEREFORE**, Defendant, Client Services, Inc., respectfully requests this Honorable Court deem this Answer proper and dismiss Plaintiff's Complaint and grant any and all other relief as the Court deems just and equitable.

    Respectfully submitted,

    **MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.**

By:    *Andrew M. Schwartz*
       Andrew M. Schwartz
       2000 Market Street, Suite 2300
       Philadelphia, PA 19103
       (215) 575-2765 / (215) 575-0856 (f)
       AMSchwartz@mdwcg.com
       Attorney for Defendant
       Client Services, Inc.